UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:  1:21-cv-22475-RNS (Scola/Goodman)

LARKIN EMERGENCY PHYSICIANS, LLC, a Florida Corporation (o/b/o Member # W236761343),

       Plaintiff,

v.

AETNA LIFE INSURANCE COMPANY, a Foreign Corporation,

       Defendant.
_____/

**AETNA LIFE INSURANCE COMPANY'S NOTICE OF PENDING, REFILED, RELATED OR SIMILAR ACTIONS AND <u>UNOPPOSED</u> MOTION FOR ENLARGEMENT OF TIME TO RESPOND TO THE COMPLAINT UNTIL PENDING CONSOLIDATION ISSUES ARE RESOLVED**

Defendant, Aetna Life Insurance Company ("ALIC"), gives notice pursuant to Local Rule 3.8 of three other related and similar actions pending in the Southern District of Florida. Immediately before filing this notice and motion for enlargement, ALIC filed a motion to consolidate all four matters in *Larkin Emergency Physicians, LLC v. Aetna Life Insurance Company*, S.D. Fla. Case No.: 1:21-cv-22472-JEM, which seeks entry of an order consolidating these matters before Judges Martinez and Becerra.[1] ALIC seeks consolidation because the *same* plaintiff in all four related matters asserts the *same* legal theories of recovery against the *same* party (ALIC) based on substantially similar facts and circumstances. As discussed in more detail below, this matter should be transferred before the same court to avoid unnecessary cost and delay,

---

    1.    A copy of this filing is attached to this notice of related matters and motion for enlargement of time as **Exhibit A**.

as well as the risk of inconsistent outcomes, and ALIC should be granted an extension of time to respond to the complaint until 20 days after a consolidated complaint is filed or ALIC's motion to consolidate is otherwise ruled upon.

### RELEVANT FACTUAL BACKGROUND

1. Plaintiff filed multiple nearly identical actions against ALIC in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida in May of this year.

2. On July 9, 2021, ALIC removed four of those actions because all are completely preempted by ERISA. *See* ALIC's notice of removal [D.E. 1]; *see also* Civil Cover Sheet [D.E. 1-1] indicating that all four Preempted Claims are "related." The four matters that ALIC seeks to consolidate are referred to in this motion as the "Preempted Claims."

3. Though they were filed as four separate matters, each of the Preempted Claims allege the *same* counts asserting the *same* legal theories of recovery; they are each between the *same* parties — Plaintiff and ALIC — who are represented by the *same* counsel in each matter; and they each arise from substantially similar facts and circumstances.

4. More specifically, Plaintiff claims — in each and every one of the Preempted Claims — that ALIC denied coverage or under-reimbursed it for purported emergency services that it asserts it provided to members of health plans (*i.e.*, patients) associated with ALIC.

5. Plaintiff purports to assert the *same* three counts in all four matters: (1) a comingled claim for breach of contract and breach of certain Florida Statutes that govern reimbursement to a healthcare provider under specific circumstances; (2) an independent claim for breach of inapplicable Florida Statute § 641.513 (which plaintiff also improperly attempts to comingle with the plan); and (3) a claim for unjust enrichment.

6. Each of the Preempted Claims involve substantially similar facts, which will require the same type of party and nonparty discovery that will be applied to the same legal questions. This includes, among other overlapping issues, an investigation into whether the services meet the statutory definition of emergency services and care, as well as an inquiry into how Plaintiff could be entitled to *additional reimbursement* beyond what ALIC and its member (*i.e.*, the patient) already paid based on the identified statutory duties.

7. Further, each of the four matters ALIC seeks to consolidate are preempted by ERISA as alleged because they involve disputes over whether the plan fiduciary properly exercised its discretion in administering plan benefits. This common question of law will be addressed in all four Preempted Claims once the issue of consolidation and transfer are addressed.

8. Further emphasizing the similarity between the Preempted Claims, Plaintiff filed form complaints for all four matters, which were only adjusted to account for unique and, in the context of discovery, minor differences — like the patient's member number.

9. ALIC filed a motion to consolidate all four cases in the matter with the oldest case number in the interests of judicial efficiency and economy — and to avoid the likelihood of inconsistent rulings and outcomes.

10. Based on the above, these four related matters should be consolidated and Plaintiff should be ordered to file a consolidated complaint. Accordingly, there is good cause supporting entry of an Order granting ALIC an enlargement of time to respond to the complaint until the later of 20 days after Plaintiff is required to file a consolidated complaint or 20 days after ALIC's motion to consolidate is otherwise addressed.

### GOOD CAUSE SUPPORTS ENLARGING THE TIME WITHIN WHICH ALIC MUST RESPOND TO PLAINTIFF'S INITIAL PLEADING UNTIL CONSOLIDATION HAS BEEN ADDRESSED

11. The Chief Financial Officer forwarded service of process in this matter to ALIC on July 2, 2021. Accordingly, ALIC's response to Plaintiff's complaint is presently due by July 23. 2021. Fed.R.Civ.P. 12(a)(1)(A)(i).

12. ALIC's pending motion to consolidate will likely impact the initial pleadings such that responding at this time would constitute a judicial waste.

13. Specifically, consolidation will have an effect on how motions directed at initial pleadings will be handled, how the parties will conduct discovery, and other significant procedural and substantive aspects of the Preempted Claims. And given that all four Preempted Claims are currently pending before separate courts within the Southern District, consolidation will also impact where and before whom these issues will be handled as the case moves forward.

14. Accordingly, good cause supports entry of an Order enlarging the time within which ALIC must respond to the complaint in this matter until a reasonable time after the consolidation and transfer issues are addressed. ALIC therefore respectfully requests entry of an Order granting it an enlargement of time to respond until the later of 20 days after Plaintiff is required to file a consolidated complaint or 20 days after ALIC's motion to consolidate is otherwise addressed.

15. Alternatively, ALIC requests a 20 day extension of time to respond to Plaintiff's complaint in this matter.

16. **Certificate of Good Faith Conference Pursuant to Local Rule 7.1(a)(3)**. Prior to filing this motion to transfer and for enlargement of time, counsel for ALIC conferred with counsel for Plaintiff who advised that Plaintiff **opposes** ALIC's requested consolidation, including

any transfer of the Preempted Claims to a single court's docket, but Plaintiff **does not oppose** the requested enlargement of time.

  **WHEREFORE** Defendant, Aetna Life Insurance Company, respectfully requests entry of an Order transferring this case involving the same or affiliated parties, same counsel, same legal theories and substantially similar circumstances to the Presiding Court, granting ALIC an enlargement of time to respond to Plaintiff's complaint until at least 20 days after the Court addresses consolidation and transfer, and awarding ALIC any other relief deemed appropriate.

Dated: July 23, 2021  
    West Palm Beach, FL

Respectfully submitted,

*s/ David J. DePiano*  
DAVID J. DePIANO, ESQ.  
Florida Bar No. 55699  
E-Mail: ddepiano@foxrothschild.com  
CAMERON A. BAKER, ESQ.  
Florida Bar No. 125825  
E-Mail: cbaker@foxrothschild.com  
Fox Rothschild LLP  
777 S. Flagler Dr., Suite 1700  
West Palm Beach, Florida 33401  
Telephone: (561) 835-9600  
Facsimile: (561) 835-9602

*Attorneys for Defendant Aetna Life Insurance Company*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 23, 2021, the foregoing document is being electronically filed with the Clerk of Court using CM/ECF and is being served on all counsel of record identified in the Service List below via transmission of Notices of Electronic Filing generated by CM/ECF.

*s/ David J. DePiano*
DAVID J. DePIANO, ESQ.

## SERVICE LIST

*Larkin Emergency Physicians, LLC (o/b/o Member W#236761343)*
*v. Aetna Life Insurance Company*
Case No.:  1:21-cv-22475-RNS (Scola/Goodman)
United States District Court, Southern District of Florida

| | |
|---|---|
| Patrick R. Sullivan, Esq. | David J. DePiano, Esq. |
| E-Mail:  prs@lubellrosen.com | E-Mail: ddepiano@foxrothschild.com |
| Mark L. Rosen, Esq. | Cameron A. Baker, Esq. |
| E-Mail:  mlr@lubellrosen.com | E-Mail: cbaker@foxrothschild.com |
| Sean B. Linder, Esq. | Fox Rothschild LLP |
| E-Mail:  sbl@lubellrosen.com | 777 S. Flagler Dr., Suite 1700 |
| Lubell | Rosen | West Palm Beach, FL 33401 |
| Museum Plaza, Suite 900 | Tel:   (561) 835-9600 |
| 200 S. Andrews Ave. | Fax:   (561) 835-9602 |
| Ft. Lauderdale, FL  33301 | Attorneys for Defendant |
| Tel:   (954) 880-9500 | *Via CM/ECF* |
| Fax:  (954) 755-2993 | |
| Attorneys for Plaintiff | |
| *Via CM/ECF* | |